IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PAUL ALLEN ADAMS,

                Plaintiff,

v.

WARDEN TEGELS, HSU MANAGER MAASSEN,
NP TIDQUIST, HULSTEIN, HENTZ, KIMPEL,
and PRALLE,

                Defendants.

OPINION and ORDER

18-cv-971-jdp

---

Pro se plaintiff Paul Allen Adams, an inmate at Chippewa Valley Treatment Facility, is proceeding on Eighth Amendment medical care claims based on his allegations that he was denied medically necessary "modified diet" meals by staff at Jackson Correctional Institution (JCI), where he was formerly incarcerated. This opinion addresses two issues: (1) Adams's motions alleging that he is being retaliated against and indicating that he wants to amend his complaint (Dkt. 22; Dkt. 51; Dkt 53); and (2) the default entered against defendant Lin Kimpel, Dkt. 32, which she has moved to set aside, Dkt. 41.

For reasons explained below, I will deny Adams's motions and grant defendant Kimpel's motion to set aside the default. The case will proceed against all currently named defendants on the merits.

ANALYSIS

A. **Allegations of retaliation and inquiries about amending the complaint**

Adams has filed three motions related to his allegations that he is experiencing retaliation: (1) a letter alleging that he is being retaliated against, Dkt. 22; (2) a motion for

clarification about amending the complaint, Dkt. 51; and (3) a motion for leave to amend the complaint by joining additional defendants, Dkt. 53.

1. **Letter alleging retaliation (Dkt. 22)**

In a letter filed in April, Adams alleges that defendants and health service unit (HSU) records personnel are retaliating against him for "writing HSU concerning his medical needs." Dkt. 22, at 1. Specifically, he contends that defendants are "knowingly and intentionally d[e]stroying medical documents concerning [his] claim and/or keeping them from Adams," as well as "manipulating medical diagnoses, medical test[s], falsifying medical exams and threat[en]ing Adams with dis[c]iplinary action." *Id.* at 1. He says that Ms. La Bar, an HSU records custodian, has threatened to send Adams to segregation for writing health service requests, and that defendant Hulstein, a nurse, fabricated a conduct report accusing him of stalking for the same reason.

Adams has not followed this court's procedures for obtaining preliminary injunctive relief, the specifics of which I explained to him in my screening order. *See* Dkt. 15, at 6–7. And based on statements he makes in his letter, it does not appear that he is seeking injunctive relief at this time. *See* Dkt. 22, at 4–5 (asserting that although he "wants to" file a motion for injunctive relief, he is "very fearful" that he will be retaliated against if he does so). That raises the question what relief Adams is seeking in his letter. The answer is not clear.

Perhaps Adams wishes to amend his complaint to add new claims against new or existing defendants. If that is his intention, he must follow the instructions in the pretrial conference order by filing a motion for leave to amend his complaint along with a supplement to his original complaint listing the factual allegations he wishes to add. Dkt. 36, at 4. (Adams should be aware that I will not grant him leave to proceed on claims that he is being retaliated against

2

for filing this suit, as explained further below.) Alternatively, if Adams wishes to file a motion for injunctive relief, he should submit proposed findings of fact regarding the underlying events that have given rise to his need for an injunction, along with any evidence that supports those proposed findings of fact. Because it is not clear what relief Adams is seeking in his letter, I will deny it without prejudice to Adams refiling a motion that more clearly explains his requests.

2. **Motion for clarification (Dkt. 51)**

In August, Adams filed a "motion for clarification on amending complaint," in which he says that he "had written this court a month ago, and asked if he had to completely amend his complaint to make a retaliation claim against one of the defendants Hulst[e]in, who retaliated against Adams after he filed his complaint." Dkt. 51, at 1. It is not clear what prior request Adams is referring to. None of the documents Adams had filed up to that point mentioned amending the complaint, let alone allegations that Hulstein had retaliated against Adams for filing this lawsuit. (Adams's April letter to the court alleged only that Hulstein was retaliating against him for filing HSU complaints.) If Adams is confused about how to go about amending his complaint, he should refer to the instructions in the pretrial conference order. Dkt. 36, at 4. If Adams wishes to add claims, he will need to file a motion for leave to amend his complaint, along with a supplement listing the factual allegations he wishes to add to his original complaint.

But this court generally does not allow prisoners to supplement or amend their complaints to include new claims that they have been retaliated against for filing the underlying lawsuit. *See, e.g., Atkinson v. Mackinnon*, No. 14-cv-736-bbc, 2015 WL 13658057, at *1–2 (W.D. Wis. Oct. 29, 2015) ("These types of retaliation claims risk delaying resolution of the case indefinitely while the parties litigate and conduct discovery on each discrete instance of

3

retaliation that may occur while the lawsuit progresses."); *Fitzgerald v. Greer*, No. 07-cv-61-bbc, 2007 WL 5490138, at *1 (W.D. Wis. Apr. 2, 2007) ("[A]llowing ongoing claims of retaliation to be added to a lawsuit as the lawsuit progresses could result in a lawsuit's life being extended indefinitely."). So if Adams wishes to pursue claims against Hulstein or anyone else based on allegations of retaliation for filing this case, he will need to file a separate lawsuit.

    **3. Motion for leave to amend the complaint (Dkt. 53)**

In September, Adams filed a "motion for permission to amend/join[] additional defendants." But he does not follow the instructions laid out in the pretrial conference order by attaching a copy of the proposed amendment to the complaint. Dkt. 36, at 4. Nor is it clear from his motion exactly what new claims or defendants Adams is seeking to add. Adams's motion discusses two sets of allegations: (1) JCI staff have conspired in written documents to deprive Adams of his medically necessary modified diet; and (2) JCI staff have retaliated against him for filing health service requests. I will deny Adams's motion to amend his complaint, both because he has failed to comply with the instructions in the pretrial conference order, and for substantive reasons that I explain below.

    **a. Allegations that JCI staff have conspired in written documents to deprive Adams of his medically necessary modified diet**

Adams's first set of allegations simply rehash the modified-diet claims on which I have already granted him leave to proceed. He says that he "recently came into possession of numbers of communications from and between" Warden Tegels, two of JCI's inmate complaint examiners (ICEs), and the defendants in this case, in which they discussed their intentions to deny Adams's a modified diet despite orders from the Department of Corrections that Adams is entitled to a modified diet. Dkt. 53, at 1. He says that "defendants knowingly refused [him]

4

the diet that they knew [he] must have in order to keep [his] liver from dying, and there [are] written communications between them all proving this fact." *Id.* at 4. (Adams does not include the communications in question with his motion.)

These written communications may constitute evidence that will help Adams prove his claims at summary judgment or trial. But he does not need to amend his complaint to include allegations about those written communications. In general, a plaintiff need not present direct evidence in the complaint. *See* Fed. R. Civ. P. 8. So I will deny Adams's motion insofar as it seeks to add allegations about direct evidence supporting his Eighth Amendment claims.

### b. Allegations that JCI staff have retaliated against him

Adams says that after he filed this lawsuit, Hulstein "conspire[d] with the other defendants" to retaliate against him "for writing 8 HSR[s] advocating for [his] life/health needs, within a 2 month period." Dkt. 53, at 4. Specifically, Adams says that he was sent to segregation and issued a conduct report to punish him for filing too many HSRs. The "other defendants" that Adams identifies as having conspired with Hulstein are two captains: Dunahay and someone who Adams says goes by the nickname "Boscobel Bob." *Id.* Hulstein is an existing defendant in this case, but Dunahay and Boscobel Bob are not.

I assume that Adams is seeking to add First Amendment retaliation claims against Hulstein, Dunahay, and Boscobel Bob. But Federal Rule of Civil Procedure 18 does not allow me to add a whole new set of defendants along with the current set, unless the claims may also be joined together under Rule 20. *See, e.g.*, *Balli v. Wis. Dep't of Corr.*, No. 10-cv-67, 2010 WL 924886, at *1 (W.D. Wis. Mar. 9, 2010). Under Rule 20, a plaintiff may join defendants together in one lawsuit if the claims against them arise out of "the same transaction, occurrence, or series of transactions or occurrences." Some of the HSRs that Adams was retaliated against

5

for filing may have concerned the modified-diet claims at issue in this lawsuit, but that is not enough of a connection to satisfy Rule 20. So I will deny Adams's motion for leave to amend to add retaliation claims against Hulstein, Dunahay, and Boscobel Bob. If Adams wishes to pursue these claims, he must do so in a separate lawsuit.

B. **Entry of default against Lin Kimpel**

That leaves the motions arising out of defendant Lin Kimpel's default. Kimpel was formerly employed by a staffing agency that contracted with the Department of Corrections, and she was working as a nurse at JCI during the period at issue in Adams's complaint. In June, Adams moved for entry of default against Kimpel after the Department of Justice declined to accept service on her behalf and she failed to file an answer by the May 24, 2019 deadline. Dkt. 29. The clerk of court entered default. Dkt. 32. But because Adams's claims against Kimpel overlap with his claims against the other defendants, I indicated that I would defer consideration of any motion for default judgment until after the claims against the other defendants had been resolved. Dkt. 33. Adams responded by filing a motion for default judgment, Dkt. 34, as well as a letter extending a settlement offer to Kimpel, Dkt. 35. Then, on August 20, 2019, Kimpel moved to set aside the entry of default under Federal Rule of Civil Procedure 55(c), Dkt. 41, along with a proposed answer, Dkt. 44.

Under Rule 55(c), "[a] party seeking to vacate an entry of default prior to the entry of final judgment must show: '(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009) (quoting *Sun v. Bd. of Trustees of Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007)). I must liberally apply this standard, as the Court of Appeals for the Seventh Circuit favors trial on the merits over default judgment. *Id.* at 631 (citing *Sun*, 473 F.3d at 811).

Kimpel says that when Adams's complaint and summons were served on her, she contacted Eric Speckhart, the litigation coordinator at JCI, to ask what she needed to do to respond to the complaint. She says that in a phone conversation on May 10, 2019, Speckhart told her that because she had been working at JCI during the period at issue, she "would be represented by the Department of Justice for the State of Wisconsin" and therefore "did not have to do anything to respond to the suit papers." Dkt. 43, ¶ 5. Speckhart reiterated this understanding on May 13 when Kimpel saw him in person. *Id.* ¶ 7. Kimpel then left on an extended vacation, and she did not learn about the entry of default until she picked up her mail on August 1, 2019. At that point, Kimpel promptly contacted Speckhart and took action to remedy the default.

Kimpel's default appears to have resulted from an honest misunderstanding. I conclude that such circumstances constitute good cause, and that Kimpel took quick action to correct the problem once it came to her attention. Additionally, Kimpel has pleaded several plausible affirmative defenses, so the meritorious-defense requirement is also met. In his briefs opposing Kimpel's motion, Adams says that he does not believe the assertions in Kimpel's affidavit and accuses her of "intentional fraud on the court." Dkt. 52 and Dkt. 54. But he provides no evidence in support of his accusations, so I will disregard them.

In the interests of reaching the merits of the dispute, I will set aside the clerk's entry of default. Kimpel has already filed her proposed answer, and she has received the court's preliminary pretrial conference order.. The case will proceed against all defendants under the terms of the preliminary pretrial conference order.

ORDER

IT IS ORDERED that:

1. Plaintiff Paul Allen Adams's motions asserting allegations of retaliation, Dkt. 22, and seeking clarification about how or leave to amend the complaint, Dkt. 51 and Dkt. 53, are DENIED.

2. Defendant Lin Kimpel's motion to set aside her default, Dkt. 41, is GRANTED.

3. The clerk's entry of default against defendant Kimpel, Dkt. 32, is VACATED.

4. Adams's motion for default judgment, Dkt. 34, and letter requesting that a settlement offer be sent to Kimpel, Dkt. 35, are DENIED as moot.

Entered October 15, 2019.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge