IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PAUL ALLEN ADAMS,

                Plaintiff,

  v.

LIZZIE TEGELS, TAMMY MAASSEN, DEBRA TIDQUIST, PAULINE HULSTEIN, NURSE ANTHONY HENTZ, LIN KIMPEL, and KRISTINE PRALLE,

                Defendants.

OPINION and ORDER

18-cv-971-jdp

---

Pro se plaintiff Paul Allen Adams sought relief because defendants allegedly ignored his need for a special diet. I allowed the complaint to proceed in part. Dkt. 15. Defendants moved for summary judgment. Dkt. 74.

On June 8, 2022, counsel for Adams, Briane Pagel, notified the court that Adams had died. Dkt. 129. On August 31, 2022, Pagel filed another letter stating that he could not locate any heirs for Adams and asking the court to dismiss the case with prejudice. Dkt. 131.

If a party to a claim dies, unless the proper party is substituted within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed. *See* Fed. R. Civ. P. 25(a)(1). "A motion for substitution may be made by any party or by the decedent's successor or representative." *Id.* The decedent's lawyer may not file a motion for substitution or a statement of death. *Atkins v. City of Chicago*, 547 F.3d 869, 872–73 (7th Cir. 2008). I appreciate Pagel's efforts, but I cannot treat Pagel's letter or motion as a statement or suggestion of death.

Defendants are parties to the case and, through Pagel's filings, have received notice of Adams's death. Thus, defendants have a duty to file a statement of death with the court. *See id.*

at 874. Defendants also must serve the statement of death on Adams's "successors (if his estate has been distributed) or personal representative (it has not been)." *See id.* at 873. Defendants must complete this service as provided in Rule 4 of the Federal Rules of Civil Procedure. *Id.* at 870–71.

If defendants do not know who Adams's successor or representative is, "the 90-day period starts to run from the filing of the suggestion [of death]." *See id.* at 873. If Pagel determines who Adams's successor or representative is (assuming he has one), Pagel should promptly provide that information to defendants. *See id.* Pagel and defendants should make reasonable efforts to identify Adams's successor or representative.

ORDER

IT IS ORDERED that:

1. Defendants may have until October 12, 2022, to file a statement of death for Adams with the court.

2. Defendant may have until January 4, 2023, to serve the statement of death on Adams's successor or representative as provided in Rule 4. Defendants must promptly file a return of service if they serve Adams's successor or representative.

3. If defendants cannot identify Adams's successor or representative after a reasonable investigation, they must promptly notify the court.

Entered October 4, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge